UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES HORNISHER, et al.,

    Plaintiffs,

    v.

ELI LILLY AND COMPANY, et al.,

    Defendants.

_____/

No. C 09-1453 PJH

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

The motion of defendant GlaxoSmithKline ("GSK") for summary judgment came on for hearing before this court on March 10, 2010. Plaintiffs appeared by their counsel Fred Shepherd, and GSK appeared by its counsel Cheryl A. Sabnis. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion.

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are those that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

Plaintiffs Charles Hornisher and Patricia Hornisher, whose son Eric Hornisher committed suicide after taking the antidepressant Paxil (manufactured by GSK (formerly SmithKline Beecham Corporation)), allege in this product liability action that GSK failed to

adequately warn that Paxil might trigger thoughts of suicide in certain individuals. GSK now seeks summary judgment based on the "learned intermediary" defense.

Under California law, a plaintiff asserting causes of action based on a failure to warn must prove not only that no warning was provided or the warning was inadequate, but also that the inadequacy or absence of the warning caused the plaintiff's injury. See Rosa v. City of Seaside, 675 F.Supp. 2d 1006, 1011-12 (N.D. Cal. 2009); see also Motus v. Pfizer, Inc., 196 F.Supp. 2d 984, 991 (C.D. Cal. 2001); Rutherford v. Owens-Illinois, Inc., 16 Cal. 4th 953, 968 (1997).

A manufacturer of prescription drugs owes to the medical profession the duty of providing adequate warnings if it knows, or has reason to know, of any dangerous side effects of its drugs. Carlin v. Superior Court, 13 Cal. 4th 1104, 1112-13 (1996). However, California follows the "learned intermediary" doctrine, which states that in the case of prescription drugs, the duty to warn "runs to the physician, not to the patient." Id. at 1116 (citations omitted); see also Motus, 196 F.Supp. 2d at 990.

Under this doctrine, "if adequate warning of potential dangers of a drug has been given to doctors, there is no duty by the drug manufacturer to insure that the warning reaches the doctor's patient for whom the drug is prescribed." Stevens v. Parke, Davis & Co., 9 Cal. 3d 51, 65 (1973) (internal quotations and citation omitted); see Brown v. Superior Court, 44 Cal. 3d 1049, 1062 n.9 (1988) ("a manufacturer fulfills its duty to warn if it provides adequate warning to the physician"). However, where the manufacturer fails to establish that it provided an adequate warning, summary judgment will be denied as to the "learned intermediary" defense. See, e.g., Notmeyer v. Stryker Corp., 502 F.Supp. 2d 1051, 1062 (N.D. Cal. 2007).

The court finds that GSK's motion must be DENIED, as triable issues remain as to whether the warnings concerning the use of Paxil were adequate or inadequate. To the extent that GSK also seeks summary judgment on the question whether plaintiffs can establish causation, the court notes that that issue involves consideration of more than the applicability of the "learned intermediary" doctrine, and therefore exceeds the permitted

scope of this early summary judgment motion. Moreover, resolution of the element of causation is not appropriate at this stage of the litigation, in view of the fact that discovery has not closed.

If, after discovery has closed, GSK wishes to move for summary judgment on the question whether plaintiffs can establish causation, and/or whether plaintiff's claims are barred by the learned intermediary doctrine, GSK may do so.

**IT IS SO ORDERED.**

Dated: May 14, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge